UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GALINA IVASHINA, an individual,<br>Plaintiff,<br>vs.<br>CREDIT ONE BANK,<br>Defendant. | Civil Action No.:  1:16-CV-323 (GTS/DEP)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

### PLAINTIFF'S COMPLAINT

GALINA IVASHINA (Plaintiff), through her attorneys, alleges the following against CREDIT ONE BANK (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

2. Count II of Plaintiff's Complaint is based on knowing and/or willful violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States Northern District of New York pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the

events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in Schenectady County, in the City of Schenectady, New York.

6. Defendant is a corporation doing business in the State of New York, with its corporate address listed as 585 Pilot Road, Las Vegas Nevada, 89119.

7. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number: (518) 389-88xx.

11. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to: (212) 884-4232, a number belonging to Defendant.

12. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On December 18, 2015 at approximately 1:15 PM., Plaintiff spoke to Defendant's representative "Barbara" and requested that Defendant cease calling Plaintiff's cellular phone.

17. During Plaintiff's conversation with Defendant's representative on December 18, 2015, Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system.

18. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff during the months of December of 2015 and January of 2016.

19. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff's cellular telephone, Defendant placed at least thirty-eight (38) automated calls to Plaintiff's cell phone between December 19, 2015 and January 7, 2016.

///

///

///

///

///

///

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

22. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

23. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

26. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

27. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

## JURY TRIAL DEMAND

28. Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;

b. That judgment be entered in favor of Plaintiff against Defendant for each and every violation of 47 U.S.C. § 227(b)(1)(A)(iii) pursuant to *47 U.S.C. § 227(b)(3)(B)*;

c. That the Court award treble damages to Plaintiff for each and every violation of the TCPA the Court deems willful and knowing;

d. Actual damages; and

e. That the Court grant such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

Dated: March 18, 2016

By:  /s/ Daniel Goldsmith Ruggiero
Daniel Goldsmith Ruggiero
275 Grove Street, Suite 2-400
Newton, MA 02466
339-237-0343
339-707-2808 (fax)
druggieroesq@gmail.com
Attorney for Plaintiff
GALINA IVASHINA